IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GMD PROPERTIES, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 21-cv-02394-LKG<br><br>Dated:  June 10, 2022 |

## MEMORANDUM OPINION AND ORDER

### I.      INTRODUCTION

This breach of contract action involves a dispute regarding the coverage under two homeowners insurance policies issued by defendant Safeco Insurance Company of America ("Safeco").  Safeco has moved to dismiss all claims brought by plaintiff GMD Properties, LLC, ("GMD") upon the grounds that GMD is not a party to the insurance policies at issue, pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Def. Mot. at ¶ 2, ECF No. 9.  The motion is fully briefed, and no hearing is necessary to resolve the motion.  *See* Def. Mot.; Pl. Resp., ECF No. 13; Def. Reply, ECF No. 15; *see also* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **GRANTS** Safeco's motion to dismiss and **DISMISSES** GMD's breach of contract claim.

### II.     FACTUAL AND PROCEDURAL BACKGROUND[2]

#### A.      Factual Background

This breach of contract action involves a dispute regarding the coverage under two

---

[1] The Court may resolve defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), because the Policies are expressly referenced and incorporated into the complaint.  *See* Compl. at ¶¶ 9-25, ECF No. 3.

[2] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."), Safeco's motion to dismiss ("Def. Mot.") and memorandum in support thereof. ("Def. Mem.").

homeowners insurance policies issued by defendant Safeco for two neighboring properties located in Arnold, Maryland.  Compl. at ¶ 5.  In the complaint, plaintiffs allege that Safeco is contractually obligated to compensate them for certain damages, losses and expenses incurred due to water damage at the properties at issue.  *Id.* at ¶¶ 13, 25.  Plaintiffs also allege that Safeco breached its contractual obligations by failing to provide coverage under the two homeowners insurance policies.  *Id.* at ¶ 27.  And so, plaintiffs seek to recover, among other things, monetary damages in excess of $75,000 from Safeco.  *Id.* at ¶ 28.

<u>The Policies</u>

As background, plaintiff GMD is a Maryland limited liability company and plaintiff George Dands is the managing member of GMD.  *Id.* at ¶¶ 1-2.  Defendant Safeco is the issuer of the two homeowners insurance policies that insure certain real property owned by GMD located at 404 Alameda Parkway (the "404 Alameda Property") and 408 Alameda Parkway (the "408 Alameda Property") in Arnold, Maryland.  *Id.* at ¶ 3.

On January 23, 2018, Safeco issued homeowners insurance policy No. OX6342068, with effective dates of January 23, 2018, to January 23, 2019, for the 408 Alameda Property.  Def. Mem. at 2.  On June 29, 2018, Safeco issued homeowners insurance policy No. OX5966789, with effective dates of June 29, 2018, to June 29, 2019, for the 404 Alameda Property (the two insurance policies collectively, the "Policies").  *Id.* at 1.

The Policies contain identical language in all material respects and define the term "Insured" as follows:

> "Insured" means:
>     (1) You; and
>     (2) so long as you remain a resident of the residence premises, the
>          following residents of the residence premises;
>            a.  your relatives;
>            b.  any other person under the age of 24 who is in the care
>               of any person described in (1) or (2)(a) above.

Def. Mot. Ex. 1 at 54, Ex. 2 at 54.  The Policies also define the term "You" as follows:

> Throughout this policy "you" and "your" refer to:
>            a.  the "named insured" shown in your Policy Declarations; and if
>               a resident of the same household;
>            b.  the spouse;
>            c.  the civil partner by civil union licensed and certified by the state;

2

> or
>  d.  the domestic partner.

Def. Mot. Ex. 1 at 53, Ex. 2 at 53.

It is undisputed in this action that the "Named Insured" under the two Policies is plaintiff George Dands.  *See* Def. Mot. Ex. 1, Ex. 2; Def. Mem. at 5; Pl. Resp. at 4.  The Polices also contain a provision regarding the coverage of certain personal property owned by others, which provides as follows:

> At your request we cover:
>  a.  personal property owned by others while the property is on the part of the ***residence premises*** occupied exclusively by any ***insured***;
>  b.  personal property owned by a guest or a ***residence employee***, while the property is at any residence occupied by any ***insured***.

Def. Mot. Ex. 1 at 33 (emphasis in original); Def. Mot. Ex. 2 at 33 (emphasis in original).

<u>The July 15, 2018, Incident</u>

On or about July 15, 2018, a temporary water line broke, causing damage to the 404 Alameda Property and the 408 Alameda Property, as well as to plaintiffs' personal property. Def. Mem. at 2.  On July 16, 2018, George Dands submitted a timely claim to Safeco for coverage of this damage under the Policies.  Compl. at ¶ 15.

Safeco subsequently determined that coverage was not afforded under the Policies for the claimed loss and damage.  *Id.* at ¶ 24.  And so, Safeco denied the claim.  *Id.*

**B.    Procedural Background**

Plaintiffs originally commenced this breach of contract action in the Circuit Court of Anne Arundel County, Maryland, on July 14, 2021.  *See* Compl.  On September 17, 2021, Safeco removed the matter to this Court.  *See* Notice of Removal, ECF No. 1.

On September 24, 2021, Safeco filed a motion to dismiss GMD's claims pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Def. Mot.  On October 8, 2021, plaintiffs filed a response in opposition to Safeco's motion to dismiss.  *See* Pl. Resp.  On October 22, 2021, Safeco filed a reply in support of its motion to dismiss.  *See* Def. Reply.

Safeco's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 12(b)(6) And 12(d)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

In addition, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "must be treated as one for summary judgment" when "matters outside the pleadings are presented" to the Court.  *See* Fed. R. Civ. P. 12(d).  But, the United States Court of Appeals for the Fourth Circuit has held that documents are not considered to be matters outside of the pleadings if they are "explicitly incorporated into the complaint by reference," or are "integral to the complaint and there is no dispute about the document's authenticity."  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B.    Breach of Insurance Contracts

Under Maryland law, the elements of a breach of contract claim include:  (1) a contractual obligation and (2) a material breach of that obligation.  *Allstate Ins. Co. v. Warns*, No. 11-1846, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012) (citing *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)).  And so, plaintiffs must plead that there existed a

4

"contractual obligation, breach, and damages" to state a plausible breach of contract claim. *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co*., No. 16-3431, 2018 WL 1471682, at *8 (D. Md. Mar. 23, 2018) (citations omitted).

In general, insurance policies are contracts between the insured and the insurer and are interpreted as such by the courts. *See Pac. Indem. Co. v. Interstate Fire & Cas. Co.,* 488 A.2d 486, 488 (Md. 1985). Given this, the Court construes the insurance contract as a whole to determine the intention of the parties to the contract. *Id.* But, Maryland law does not require that insurance policies should, as a matter of course, be construed against the insurer. *Dutta v. State Farm* Ins., 769 A.2d 948, 957 (Md. 2001) (citations omitted). Rather, ordinary principles of contract interpretation apply. *Id.* And so, if no ambiguity in the terms of the insurance contract exists, the Court should enforce the contract's terms. *Id.*

In this regard, the Supreme Court has held that "[c]ontracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense." *Bergholm. v. Peoria Life Ins. Co. of Peoria, Ill.*, 284 U.S. 489, 492 (1932) (citing *Imperial Fire Ins. Co. v. Coos Cnty.*, 151 U.S. 452, 462-63 (1894)). The Maryland Court of Appeals has similarly held that "[the] primary task in interpreting an insurance policy, as with any contract, is to apply the terms of the contract itself." *Cole v. State Farm Mut. Ins. Co.*, 753 A.2d 533, 537 (Md. 2000). And so, the Court accords the words of an insurance contract "their usual, ordinary, and accepted meaning," unless the parties intended to use the words in a technical sense. *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 625 A.2d 1021, 1031 (Md. 1993).

## IV.    LEGAL ANALYSIS

Safeco has moved to dismiss all claims brought by GMD in this breach of contract action upon the ground that GMD is not a party to the Policies at issue in this matter. *See* Def. Mem. Plaintiffs counter that GMD may pursue its breach of contract claim under the terms of the Policies. Pl. Resp. at 4. For the reasons that follow, the Court agrees with Safeco that GMD lacks privity of contract with Safeco. And so, the Court must DISMISS GMD's breach of contract claim.

A plain reading of the Policies makes clear that GMD is not in privity of contract with Safeco. To pursue its breach of contract claim against Safeco, GMD must show (1) a contractual

obligation and (2) a material breach of that obligation. *Allstate Ins. Co.*, 2012 WL 681792, at *10 (citation omitted). Given this, the Court first considers whether GMD is a party to the Policies at issue in this case. *Id.*

In this regard, the terms of the Policies show that GMD is not a party to these insurance contracts for several reasons. First, the Policies identify George Dands, rather than GMD, as the Named Insured under the Policies. *See* Def. Mot. Ex. 1, Ex. 2.

Second, the definition of an "Insured" under the Policies makes clear that GMD is not a party to those agreements. Notably, the Policies define "Insured" as:

(1) You; and
(2) so long as you remain a resident of the residence premises, the following residents of the residence premises;
    a. your relatives;
    b. any other person under the age of 24 who is in the care of any person described in (1) or (2)(a) above.

Def. Mot. Ex. 1 at 54, Ex. 2 at 54. The Policies also define the term "You" as follows:

Throughout this policy "you" and "your" refer to:

    a. the "named insured" shown in your Policy Declarations; and if a resident of the same household
    b. the spouse;
    c. the civil partner by civil union licensed and certified by the state; or
    d. the domestic partner.

Def. Mot. Ex. 1 at 53, Ex. 2 at 53. And so, the plain terms of the Policies make clear that the Insured under the Policies are George Dands, his relatives, civil partner or domestic partner, and a minor individual under the care of an Insured. *Id.*

Because it is undisputed that GMD is neither George Dands, nor his spouse, civil partner, or domestic partner, GMD is not an Insured under the plain terms of the Policies. And so, GMD lacks privity of contract with Safeco under the Policies.

Plaintiffs' reliance upon a provision in the Policies that provides for the coverage of certain personal property owned by others, to show that GMD is in privity of contract with Safeco, is also unpersuasive. The relevant provision provides that:

At your request we cover:
    a. personal property owned by others while the property is on the part of the ***residence premises*** occupied exclusively by any

*insured*;
b.  personal property owned by a guest or a ***residence employee***,
while the property is at any residence occupied by any ***insured***.

Def. Mot. Ex. 1 at 33 (emphasis in original); Def. Mot. Ex. 2 at 33 (emphasis in original).  The Court does not read this provision to create a contractual relationship between Safeco and GMD. Rather, this provision makes clear that the contractual obligation to provide coverage for certain personal property of others remains between Safeco and George Dands.  *See* Def. Mot. Ex. 1, Ex. 2.  Given this, GMD simply has not shown that it is in privity of contract with Safeco to bring its breach of contract claim.  And so, the Court GRANTS Safeco's motion to dismiss GMD's breach of contract claim.  Fed. R. Civ. P. 12(b)(6).

**V.      CONCLUSION**

In sum, a plain reading of the Policies makes clear that GMD is not in privity of contract with Safeco.  And so, for the foregoing reasons, the Court:

1.  **GRANTS** Safeco's motion to dismiss GMD's breach of contract claim; and

2.  **DISMISSES** GMD's breach of contract claim.

Safeco shall **ANSWER**, or otherwise respond to the remaining claims in the complaint, on or before **July 1, 2022**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge